# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JENNIFER HALL, Personal Representative** | ) | |
| **of the Estates of Joseph R. Kalister, M.D.,** | ) | |
| **Betty J. Kalister, and Nicole M. Kalister, and** | ) | |
| **JACQUELYN R. KALISTER, individually** | ) | **Case No. 3:17-cv-01340** |
| **and on behalf of her deceased parents,** | ) | |
| **Joseph R. Kalister and Betty R. Kalister, and** | ) | **JUDGE CAMPBELL** |
| **on behalf of and as next-of-kin of her** | ) | **MAGISTRATE JUDGE** |
| **deceased sister, Nicole M. Kalister,** | ) | **NEWBERN** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **HARTZELL ENGINE TECHNOLOGIES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Pending before the Court are Plaintiffs' Motion to Strike or Dismiss the Defendant's

Fifth Affirmative Defense (Doc. No. 78) and Defendant's motion for review of the Magistrate

Judge's Memorandum Order that denied Defendant's motion to amend answer (Doc. No. 110).

Defendant filed a response in partial opposition to Plaintiffs' motion (Doc. No. 80) and

Plaintiffs filed a reply (Doc. No. 81). Plaintiffs filed a response to the motion for review (Doc.

No. 116) and Defendant filed a reply (Doc. No. 117).

For the reasons stated below, Plaintiffs' Motion to Strike or Dismiss (Doc. No. 78) is

**GRANTED** in part, **DENIED** in part; Defendant's motion for review (Doc. No. 113) is

**DENIED**; and the Memorandum Order of the Magistrate Judge (Doc. No. 110) is

**AFFIRMED**.

## I.     BACKGROUND

This case arises out of an airplane crash in Massachusetts that killed the pilot Joseph R. Kalister, his wife Betty J. Kalister, and their daughter Nicole M. Kalister. (Doc. No. 74). The estate representative Jennifer Hall and the Kalister's sole beneficiary, Jacquelyn Kalister, filed a wrongful death complaint against Hartzell Engine Technologies. (*Id*.).

The initial case management order set a deadline to file motions to amend the pleadings as September 1, 2018. (Doc. No. 27). The Court later extended the deadline to October 16, 2019. (Doc. No. 62). Plaintiffs filed a motion for leave to amend the Complaint on October 16, 2019 (Doc. No. 67), and the Court granted the motion on November 14, 2019 (Doc. No. 73). The amended complaint alleges that the crash was caused by a defective alternator manufactured by a company that Defendant purchased, and that Defendant is a fault for the Kalisters' deaths under federal and state law. (Doc. No. 74). Defendant timely answered the Amended Complaint and asserted twelve affirmative defenses. (Doc. No. 77). Plaintiffs moved to strike the fifth affirmative defense:

> [Defendant] affirmatively alleges that the Massachusetts doctrine of modified comparative fault applies in this case. Relying upon this doctrine, without limitation, HET would state upon information and belief that Plaintiffs' recovery against HET should be limited to HET's proportional allotment of fault among all liable third-parties, including but not limited to: RAM Aircraft, L.P.; Horizon Avionics, Inc.; Sanders Flying Services, LLC; Kevin Sewell; Christopher Stephens; Roger Burgoyne; Continental Motors, Inc.; Tennessee Valley Bone and Joint; Island Airways, Inc.; Rickey Hutchison; or Joseph Kalister. Upon information and belief, the identities and locations all of the foregoing individuals and entities are known to Plaintiffs and their counsel. HET reserves the right to name any of the foregoing individuals or entities as potentially liable third-party or third-parties at trial.

(*Id*. at PageID# 757).

2

In the response to the motion to strike, Defendant requested the court enter an Order: "(1) denying Plaintiff's Motion to Strike or Dismiss insofar as it relates to [Defendant's] affirmative defense related to the comparative negligence of Joseph Kalister; and (2) directing [Defendant] to file an Amended Answer to Plaintiff's First Amended Complaint to replace its Fifth Affirmative Defense with the revised Fifth Affirmative Defense [], or striking the remainder of [Defendant's] Fifth Affirmative Defense and finding that [Defendant] shall be permitted to present evidence of alternative causation at trial in a manner consistent with Massachusetts law of joint and several liability." (Doc. No. 80 at PageID# 773). Approximately three months later, Defendant formally moved to amend its answer to the amended complaint. (Doc. No. 92). The Magistrate Judge denied the motion for leave to amend (Doc. No. 110) and Defendant filed a motion for review of the Order. (Doc. No. 113).

## II.     ANALYSIS

### A.  Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court may, up a party's motion or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted). "Motions to strike are viewed with disfavor and are not frequently granted." *Id*. Nevertheless, motion to strike affirmative defenses "are properly granted when plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 697 (6th Cir. 2017) (internal quotations omitted). An

3

affirmative is sufficiently pleaded "as long as it gives plaintiff fair notice of the nature of the defense". *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006).

Plaintiffs seek to strike Defendant's fifth affirmative defense in its entirety on the grounds that Massachusetts law[1] does not permit allocation of fault to non-parties. (*See* Doc. Nos. 78, 79). Defendant concedes that Massachusetts comparative fault rules do not allow Defendant to reduce its own liability based on the negligence of third parties but seeks to preserve the defense in so far as it relates to the comparative fault of Joseph Kalister. (Doc. No. 80 at PageID# 771). Plaintiffs respond that the asserted defense "cannot reasonably be construed as asserting the different affirmative defense under [Mass. Gen. Laws ch. 231], § 85 concerning the comparative fault of the plaintiffs' decedent" and the Defendant's request to "contort its Fifth Affirmative Defense into a 'plaintiff's comparative fault defense' should be treated as a motion to amend its answer under the standards imposed by Rule 16(b)(4)." (Doc. No. 81 at PageID# 5).

The Court disagrees that the asserted comparative fault defense cannot be reasonably construed as raising the defense of the comparative fault of Joseph Kalister. First, the affirmative defense, the first sentence of which broadly raises the "Massachusetts doctrine of modified comparative fault," specifically names Joseph Kalister as one against whom comparative fault is alleged. Second, Plaintiffs do not dispute that Massachusetts allows the defense of comparative fault of parties to the litigation and specifically for a reduction in damages "in proportion the amount of negligence attributable to the person for whose injury, damage or death recovery is made." Mass. Gen. Laws ch. 231 § 85. Although Defendant has incorrectly applied the Massachusetts law of comparative fault and misidentified Joseph Kalister as a "third party"

---

[1] The parties agree Massachusetts law applies to this case. *See* Plaintiffs' Memorandum (Doc. No. 79) ("[T]he plaintiffs agree Massachusetts law applies to all issue of allocation of fault.") and Defendant's Response (Doc. No. 80) ("It is undisputed that Massachusetts substantive law governs this lawsuit.").

rather than a party, neither of these errors are cause to strike the defense in its entirety. Plaintiffs were reasonably on notice that the defense asserted is the comparative fault of Joseph Kalister (and others who the parties agree should be stricken). Moreover, this is not a newly asserted defense. Defendant also raised the defense of comparative fault, using different language, in its answer to the first complaint. (*See* Doc. No. 1-13 ("This Defendant avers that Plaintiffs' recovery, if any, should be barred entirely, or reduced to the extent that proof shows fault on the part of said other parties, or non-parties, as a proximate or contributing cause of all or a portion of Plaintiffs' alleged damages …")).

Accordingly, Plaintiffs motion to strike is GRANTED in part, DENIED in part. The motion to strike is granted to the extent that is raises the defense of comparative fault of persons or entities not party to this litigation, and denied insofar as it relates to the comparative fault of Joseph Kalister.

## B. Review of the Magistrate Judge's Order Denying Leave to Amend Answer

Under Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the ruling of the Magistrate Judge if it is clearly erroneous, contrary to law, or in the interests of justice. *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter … where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. *United States v. Hurst*, 228 F.3d 751, 756 (6th Cir. 2000).

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a). However, when leave to amend is sought after the deadline in the Court's scheduling order, as is the case here, the party seeking leave to amend

must show good cause under Federal Rule of Civil Procedure 16(b)(4). The good cause requirement of Rule 16 is satisfied only if the original deadline "cannot reasonably be met despite diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *see also*, *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause[] may do so only 'if it cannot be reasonably be met despite the diligence of the party seeking the extension.'" (quoting Fed. R. Civ. P. 16 advisory committee note)).

Defendant moved to amend its answer to modify the fifth affirmative defense to allege only the comparative fault of Joseph Kalister and add a sixth affirmative defense alleging that it was not the cause in fact or proximate cause of the accident and that the accident was proximately caused by individuals or entities other than Defendant. (*See* Doc. Nos. 92, 92-1).

The Magistrate Judge denied Defendant's motion for leave to amend its answer to the first amended complaint, finding that Defendant's had not shown good cause under Fed. R. Civ. P. 16. In reaching this conclusion, the Magistrate Judge noted that that the amendment sought by Defendant was not triggered by new allegations in the amended complaint, but rather by Plaintiffs' motion to strike affirmative defense which identified legal deficiencies in the pleading. The Magistrate Judge concluded that "failure to discover [] legal error until Hall and Kalister identified it in their motion to strike does not show the kind of diligence that would support amending its answer after the deadline to do so has passed." (Doc. No. 110 at PageID# 1471). The Magistrate Judge considered potential prejudice to Plaintiffs and found that they would be prejudiced by the delayed resolution of the case, which has been pending for more than two and a half years, and by the expense and delay of additional discovery.

Defendant concedes the Magistrate Judge court have reasonably found the amendments were unnecessary, but argues the finding that there was not good cause for granting leave to amend was in error because she did not consider the "actual effect of the amendment in the context of the litigation," Defendant "exercised and continues to exercise proper diligence," and Plaintiff's are not prejudiced by a "rephrasing or clarification of defenses." (Doc. No. 114 at PageID# 1484). Defendant states that it has continually asserted Joseph Kalister's comparative fault and that the proposed Sixth Affirmative Defense is not actually an affirmative defense and does not raise a new defense. (*Id*. at PageID# 1487. Defendant explains, "The effect of [Defendant's] proposed Sixth Affirmative Defense is that [Defendant] contends Plaintiffs cannot prove by a preponderance of the evidence that [Defendant] caused Plaintiffs' alleged damages." (*Id*.).

The Magistrate Judge's ruling denying leave to amend was not clearly erroneous or contrary to law. The Magistrate Judge found that Defendant's did not show good cause for the amendment, which was triggered by Plaintiffs' identification of legal deficiencies. Although the parties jointly moved to extend the discovery deadline on May 29, 2020 (*see* Doc. No. 115), at the time the Magistrate Judge made her determination on May 8, 2020, the looming discovery deadline – mere weeks away – was a relevant consideration. Moreover, an extension of time, if granted, does not obviate prejudice to Plaintiffs in being required to engage in additional discovery. Finally, given Defendant's description of the proposed amendments as a mere "clarification" and not asserting any new defense, the Court cannot say that the interests of justice weigh in favor reversing the decision of the Magistrate Judge.

### III.    CONCLUSION

For the reasons stated, Plaintiffs' Motion to Strike or Dismiss the Defendant's Fifth Affirmative Defense (Doc. No. 78) is **GRANTED** in part, and **DENIED** in part.  Defendant's Motion for Review (Doc. No. 113) is **DENIED** and the Memorandum Order of the Magistrate Judge denying leave to amend (Doc. No. 110) is **AFFIRMED**.  An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE