UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER HALL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HARTZELL ENGINE TECHNOLOGIES, LLC,<br><br>    Defendant. | Case No. 3:17-cv-01340<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

**<u>MEMORANDUM ORDER</u>**

In a bygone phase of this long-running action, Plaintiffs Jennifer Hall and Jacquelyn R. Kalister and Defendant Hartzell Engine Technologies, LLC, agreed on the terms of a protective order to address the disclosure of confidential and proprietary business information in discovery. (Doc. No. 19.) Now, Plaintiffs move to vacate that order on grounds that Defendant has applied the agreed order's "confidential" designation indiscriminately. (Doc. No. 88.) Defendant opposes the motion. (Doc. No. 95.) Plaintiffs have filed a reply. (Doc. No. 97.) For the reasons that follow, Plaintiffs' motion will be granted in part and denied in part.

    **I.    Background**

This case arises out of a fatal airplane crash that occurred on June 28, 2015. Central to Plaintiffs' claims is the allegation that Defendant was aware of, ignored, and had the duty to correct design and manufacturing defects in the model C28-150 Plane Power alternator installed in the aircraft. Recognizing "that many of the documents sought and produced in discovery in this case may contain confidential and/or proprietary business information that should be protected from

1

public disclosure," the parties entered into an agreed protective order. Under the protective order's terms, the parties may designate discovery as "confidential" or "highly confidential – for attorney's eyes only." The protective order addresses confidential information as follows:

> 4. **Disclosure of Confidential Information.** All documents and information relating to the Plaintiffs' or Defendant's corporate budgets, financial records, reports, projections, and all other confidential or proprietary information produced in response to discovery requests submitted in this cause may be designated "Confidential Information." Confidential Information shall be subject to the following restrictions:
>
>     a. Confidential Information shall be used only for the purposes of this litigation (including appeals), and not for any other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to any other person, party, or entity except for the purposes permitted under this paragraph, as set forth, below:
>
>     b. Confidential Information may be disclosed to:
>
>         i. The Parties and their respective counsel and staff who require access to Confidential Information to represent their clients in this cause;
>
>         ii. The Court (including court reporters, stenographic reports, and court personnel);
>
>         iii. Experts retained by the Parties;
>
>         iv. During depositions, witnesses in the case to whom disclosure is reasonably necessary;
>
>         v. The author of the document, and original recipient of the document, and the Party that is the original source of the document; and
>
>         vi. Any other person upon agreement by the Parties, in writing.

The protective order also provides that, "[i]f any documents including or containing information derived from documents designated "CONFIDENTIAL" . . . are to be filed with the court presiding over this litigation, the filing Party shall file the documents under seal."

2

Case 3:17-cv-01340   Document 123   Filed 09/15/20   Page 2 of 5 PageID #: 1602

Plaintiffs allege that, over the course of discovery, Defendant has produced "over 500 exhibits and sub-exhibits comprising approximately 2500 pages" and, with "only three exceptions, [Defendant] has designated all of these pages as Confidential under the Protective Order." Among the documents Defendant has designated as confidential are advertisements from trade magazines, a PowerPoint presentation given at a public airshow, and a publicly available engine maintenance manual.

### II. Legal Standard

Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

### III. Analysis

The crux of Plaintiffs' motion is their assertion that Defendant has abused the agreement reached in the protective order by designating all but a few pages of its discovery production as confidential. Plaintiffs ask "that the Court vacate the protective order and rule that only bona fide 'trade secrets,' privileged information and medical information may be designated as confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 5.03."[1] Plaintiffs argue that Defendant's over-designation "unfairly places the burden of their own abuse

---

[1] This Court's Local Rule 5.03 addresses requests to seal documents or portions of documents and requires that "[t]he party intending to use information or documents designated in discovery as confidential must file a motion to seal . . . However, the party who designated the materials as confidential or otherwise seeks to restrict access to the materials retains the burden of meeting the requirements" for filing under seal in this Court.

3

of the protective order on the Plaintiffs, who must move to file such documents under seal or seek the present relief."

Defendant does not dispute that it has designated nearly all of its production as confidential. Instead, Defendant argues that, if it has designated a document that is publicly available as confidential, Plaintiffs can obtain the document from another source (and, the Court assumes, thus would not be bound by Defendant's confidentiality designation). Following this logic, Defendant asserts that the only harm Plaintiffs could suffer from its all-confidential production "is having to seek leave to file [Defendant's] confidential documents under seal."

Many protective orders contain a provision requiring that the parties make their designations of confidentiality in good faith and prohibiting mass or routine designation. The parties did not include such a provision in their agreed order. Regardless, the good faith application of protective orders is expressly contemplated by Rule 26(c). In the context of this dispute, the duty of good faith "is a duty to review the documents in good faith ***before*** designating them as [confidential]." *Paradigm All., Inc. v. Celeritas Techs., LLC*, 248 F.R.D. 598, 605 (D. Kan. 2008) (emphasis original).

By designating nearly all of its production as confidential—and by admitting that it has included public information under that umbrella—Defendant has shown that it conducted no particularized review of its production.[2] That kind of indiscriminate designation improperly shifts the burden of applying the protective order to Plaintiffs, who must evaluate each document and

---

[2] Courts have also routinely found such blanket applications of the more-burdensome attorneys-eyes-only designation to document production "absurd." *See Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (terming "absurd" designations of 79% and 90% of production as attorneys-eyes-only); *Healthtrio, LLC v. Aetna, Inc.*, No. 12–cv–03229, 2014 WL 6886923, at *4 (D. Col. Dec. 5, 2014)) (invalidating designation of 99% of produced documents as attorneys-eyes-only).

determine if the confidentiality designation should be challenged. *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C-01-21151JWPVT, 2007 WL 3306496, at *5 (N.D. Cal. Nov. 6, 2007)). That is not a good-faith execution of the parties' agreement. Moreover, were Plaintiffs to faithfully apply the protective order's terms to Defendant's production, the Court would bear the burden of reviewing a slew of needless and likely meritless motions to seal.

In their motion, Plaintiffs ask the Court to vacate the protective order in full. In earlier negotiations, Plaintiffs asked Defendant to "de-designate documents that should not be marked confidential . . . ." The Court finds that realignment of duties to be the better solution.

Accordingly, Plaintiffs' motion to vacate the protective order (Doc. No. 88) is GRANTED IN PART AND DENIED IN PART as follows:

Defendant shall review all documents, including deposition transcripts, previously produced as confidential to determine if that designation is properly applied.

Defendant shall reproduce its discovery, redesignated as necessary under the protective order, to Plaintiffs on or before September 30, 2020.

The protective order remains in force and shall be applied in good faith to all future productions.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

5

Case 3:17-cv-01340   Document 123   Filed 09/15/20   Page 5 of 5 PageID #: 1605