UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JENNIFER HALL, personal representative of the Estates of Joseph R. Kalister, M.D., Betty J. Kalister, and Nicole M. Kalister, et al., | |
| Plaintiffs, | Case No. 3:17-cv-01340 |
| v. | Judge William L. Campbell, Jr. |
| | Magistrate Judge Alistair E. Newbern |
| HARTZELL ENGINE TECHNOLOGIES, LLC, | |
| Defendant. | |

## MEMORANDUM ORDER

The parties have filed a joint motion for an extension of all remaining case management deadlines. (Doc. No. 115.) For the reasons that follow, the motion will be denied.

## I.      Relevant Background

This case arises out of the June 28, 2015 crash of a private aircraft piloted by Joseph R. Kalister that resulted in his death and the death of his wife and daughter. This action was filed in the Circuit Court of Montgomery County, Alabama, on June 27, 2017; removed to the Middle District of Alabama on July 28, 2017; and transferred to this Court on October 4, 2017. (Doc. No. 1.) Plaintiffs had filed a lawsuit addressing the same plane crash against other defendants in Davidson County Circuit Court on June 24, 2016, and anticipated coordinating discovery between the federal and state actions.

Judge Trauger entered an initial case management order on December 7, 2017, that set the close of fact discovery on February 15, 2019, and the deadline for filing dispositive motions on July 1, 2019. (Doc. No. 27.) Judge Trauger set the jury trial to be held on November 5, 2019. (Doc.

No. 25.) Two weeks later, Defendant moved for and was granted a sixty-day extension of the time in which to make its initial disclosures. (Doc. Nos. 28, 29.)

The case was transferred to Judge Campbell on January 25, 2018, with the existing case management deadlines in place. (Doc. No. 30.) The docket reflects no significant activity in the litigation between that date and November 5, 2018, when the parties filed the first joint motion to extend all outstanding deadlines and continue the trial date by 120 days. (Doc. No. 35.) Counsel stated that the parallel state-court action had been stayed while a defendant pursued an interlocutory appeal of a personal jurisdiction ruling that was ultimately denied. The parties stated that they had attended an inspection of the aircraft wreckage on November 1, 2018, and had planned depositions to be cross-noticed in both cases. (*Id.*) The joint motion asserted that "[c]ounsel for all parties are experienced in aviation accident litigation and have been working constructively to efficiently advance this case towards trial and to resolve their disputes." (*Id.* at PageID# 240.)

Defendant filed a motion for summary judgment on November 9, 2018. (Doc. No. 40.) On November 12, 2018, the parties filed a second joint motion to extend case deadlines, stating their agreement that Plaintiffs would require time to take discovery before responding to the motion for summary judgment, although "the parties disagree on the permissible scope of that discovery and are presently drafting a joint request for a discovery conference to address this issue." (Doc. No. 44, PageID# 475.) The Magistrate Judge held a telephone conference with counsel on November 13, 2018, and again on November 20, 2018, to discuss that dispute. The Magistrate Judge issued an order on November 20, 2018, ordering the parties to meet and confer regarding the scope of additional e-discovery searches and setting deadlines for production of certain subject documents on December 20, 2018, and January 28, 2019. (Doc. No. 47.) In a telephone conference

held on December 6, 2018,[1] the parties notified the Court that they could not meet the December 20, 2018 deadline but had agreed to produce the discovery for inspection on January 23 and 24, 2019. (Doc. No. 49.)

On January 22, 2019, the parties filed a third joint motion to extend all case deadlines and reset the trial date. (*Id.*) The parties stated that—18 months after the case was filed—they "anticipate[d]" taking a large number of depositions in the federal and state cases and "expect[ed] a large volume of materials will be produced in discovery[.]" (*Id.* at PageID# 572.) The Magistrate Judge granted the motion in part, extending the discovery deadline to September 30, 2019, and the dispositive motion deadline to March 2, 2020. (Doc. No. 50.) The Magistrate Judge set the revised target trial date as August 11, 2020. On June 13, 2019, Judge Campbell denied Defendant's motion for summary judgment without prejudice to refiling after the conclusion of discovery. (Doc. No. 55.)

On September 12, 2019, the parties filed a fourth joint motion to extend discovery deadlines. (Doc. No. 60.) Counsel reported that they had "been diligently coordinating discovery and working constructively with each other towards advancing" the state and federal cases towards trial. (*Id.* at PageID# 613.) Counsel reported having exchanged a large volume of written discovery and taken seven depositions. (Doc. No. 60.) They stated that additional time was needed to accommodate a second inspection of the aircraft that had taken place on September 9 and 10, 2019, and to allow for destructive testing to take place on September 25 and 26, 2019. (*Id.*) Counsel also anticipated deposing Defendant's Rule 30(b)(6) representative and taking "as many as ten (10) additional, non-party fact witness depositions." (*Id.* at PageID# 614.)

---

[1]     This telephone conference is not reflected in the Court's docket but is summarized in the parties' joint motion filed on January 22, 2019. (Doc. No. 49.)

The Magistrate Judge set a telephone conference on the motion and ordered counsel to agree upon an amended case management order that would not require resetting the August 11, 2020 target trial date under the Court's Local Rules. (Doc. No. 61.) Counsel could not do so, and the Magistrate Judge ordered them to file a motion to reset the trial date for Judge Campbell's consideration. (Doc. No. 62.) The Magistrate Judge continued the existing discovery deadlines pending Judge Campbell's ruling, but ordered that "the parties shall not stay their discovery efforts, but shall continue to litigate this action diligently." (*Id.* at PageID# 620.)

The parties moved to continue the trial date. (Doc. No. 64.) On October 2, 2019, Judge Campbell reset the trial for February 8, 2021. (Doc. No. 65.) Based on this amended trial date, the Magistrate Judge set the conclusion of discovery on March 30, 2020, and the dispositive motion deadline on August 29, 2020. (Doc. No. 66.)

Plaintiffs filed a motion to amend the complaint on October 16, 2019. (Doc. No. 67.) The Magistrate Judge granted the motion to amend on November 14, 2019. (Doc. No. 73.) Defendant moved for and received an extension of time to answer the amended complaint (Doc. Nos. 75, 76) and filed its answer on December 13, 2019 (Doc. No. 77). Plaintiffs moved to strike or dismiss Defendant's fifth affirmative defense on January 3, 2020. (Doc. No. 78.)

On March 10 and 11, 2020, Plaintiffs filed a motion to compel Defendant's production of certain documents (Doc. No. 84) and a motion to vacate the parties' agreed protective order (Doc. No. 88). The motion to compel addressed discovery related to issues raised by Defendant's summary judgment motion, filed sixteen months earlier. On March 23, 2020, Defendant filed a motion to amend its answer. (Doc. No. 92.) All three motions were opposed. (Doc. Nos. 95, 96, 99.)

4

On March 23, 2020, the parties filed a fifth joint motion to extend discovery deadlines. (Doc. No. 94.) The Magistrate Judge held a telephone conference on the motion and extended the discovery deadline to May 29, 2020, and the dispositive motion deadline to October 7, 2020. (Doc. No. 106.) The Magistrate Judge stated that this extension was "not an invitation to throw open the gates and begin discovery anew" and ordered that the scope of any further discovery be guided by the basis of the parties' joint motion—"namely, the identification of documents not previously disclosed in upcoming depositions or in the process of completing expert reports and any discovery necessitated by rulings on the pending motion to strike, motion to amend, motion to vacate the parties' protective order, and motion to compel." (*Id.* at PageID# 1458) (record citations omitted). During the telephone conference, the Magistrate Judge warned the parties that the dispositive motion deadline could not be extended further under Local Rule 16.01(h)(1) and that they should not expect any further continuance of the February 8, 2021 trial date.

On April 29, 2020, Plaintiffs informed the Court that the related Tennessee state court action had settled and, accordingly, that no further discovery would be taken in that action. (Doc. No. 108.)

On May 8, 2020, the Magistrate Judge denied Defendant's motion to amend its answer. (Doc. No. 110.) On May 22, 2020, Defendant sought review of that order. (Doc. No. 113.) On June 22, 2020, Judge Campbell granted in part and denied in part Plaintiffs' motion to strike Defendant's fifth affirmative defense and affirmed the Magistrate Judge's order denying Defendant's motion to amend the answer. (Doc. No. 119.)

On May 29, 2020, the parties filed a sixth joint motion to extend the case management deadlines. (Doc. No. 115.) Although the parties agreed on the need for extensions of all deadlines, they again disagreed on the scope of the remaining discovery. On August 5, 2020, the Magistrate

Judge held a telephone conference with the parties regarding their pending motion to extend the case deadlines. (Doc. No. 120.) The Magistrate Judge again informed the parties that they should not expect a continuance of the February 8, 2021 trial date and that they should not delay their efforts to conclude discovery. The Magistrate Judge took the motion under consideration while the Plaintiffs' motion to compel and motion to vacate the protective order were pending.

On September 15, 2020, the Magistrate Judge granted Plaintiffs' motion to compel and granted in part Plaintiffs' motion to vacate the protective order. (Doc. Nos. 122, 123.) The Magistrate Judge ordered Defendant to complete the additional production mandated by these orders by September 30, 2020.

## II.     Legal Standard

The extending of deadlines set in a pretrial scheduling order is generally governed by Federal Rule of Civil Procedure 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

## III.    Analysis

Good cause does not exist to grant the further extensions of case deadlines that the parties again seek. The joint motion to extend case management deadlines now before the Court is the sixth that the parties have filed over the more-than-three-year course of this litigation. But in the August 5, 2020 telephone conference, counsel gave an account of remaining discovery that was nearly as extensive as the accounts they had given at the outset of the case—including one or two additional inspections of the plane wreckage and multiple fact and expert witness depositions.

The Magistrate Judge assumes that the parties have continued to pursue that outstanding discovery since the August 5, 2020 telephone conference. The Magistrate Judge has repeatedly warned counsel that they should not expect any further continuance of the February 8, 2021 trial

date, which is the third set in this action.[2] As counsel well know, the dispositive motion deadline cannot be extended further with that trial date in place. *See* M.D. Tenn. R. 16.01(h)(1) (dispositive motions and target trial dates).

Accordingly, the following case management deadlines are confirmed:

Fact discovery shall conclude by September 30, 2020. The scope of any remaining discovery is that articulated in the Magistrate Judge's April 16, 2020 order: documents not previously disclosed that are identified in upcoming depositions or in the process of completing expert reports and any discovery necessitated by rulings on the motion to strike, motion to amend, motion to vacate the parties' protective order, and motion to compel.

Any dispositive motions shall be filed by October 7, 2020.[3] Responses in opposition shall be filed 20 days after the motion. Any optional reply shall be filed 7 days after the response.

Expert discovery remains outstanding. The parties shall meet and confer to establish an agreed calendar for the conclusion of expert disclosures and depositions. A joint notice of the agreed calendar shall be filed by September 25, 2020.

The parties were ordered to file a joint statement of their dispute resolution efforts by August 10, 2020, but have not done so.[4] (Doc. No. 106.) The parties shall file a detailed statement of their case resolution efforts to date and plan for future efforts by October 2, 2020.

---

[2]     The August 11, 2020 target trial date was not formally entered by Judge Campbell, but was the presumptive trial date from January 25, 2019, to October 2, 2019.

[3]     The Magistrate Judge notes that Defendant filed its motion for summary judgment, which articulated the same arguments made in its recent opposition to Plaintiffs' motion to compel, on November 9, 2018. The intervening almost-two years of discovery was allowed for the benefit of Plaintiffs' response.

[4]     In the April 16, 2020 order, the Magistrate Judge stated: "The parties shall note that the Court has set an earlier deadline to file a joint statement of their good-faith efforts at case resolution

**IV.**     **Conclusion**

For these reasons, the parties' joint motion to extend the case management order deadlines

(Doc. No. 115) is DENIED.

It is so ORDERED.

_alistairnewbern_
ALISTAIR E. NEWBERN
United States Magistrate Judge

---

than the deadline requested in their motion. This is to ensure that the parties engage in case
resolution efforts well before the dispositive motion deadline." (Doc. No. 106, PageID# 1459 n.1.)